### LAMAR *et al. v.* SECURITY FINANCE CO.*

(Division B.      April 25, 1927.      Suggestion of Error Overruled
May 16, 1927.)

[112 So. 577.   No. 26468.]

BILLS AND NOTES. *Defense of fraud to other notes purchased from same payee was not notice to due course holder of invalidity of particular notes.*

The fact that holder in due course of note negotiable under Negotiable Instruments Act (Laws 1916, chapter 244), had purchased other notes from same payee, wherein it had to resort to courts for enforcement and which makers had defended on ground notes were fraudulently procured, *held* not sufficient to put holder in due course on notice and inquiry as to validity of particular notes.

---

*Corpus Juris-Cyc. References: Bills and Notes, 8CJ, p. 518, n. 50.

APPEAL from circuit court of Quitman county.

HON. W. A. ALCORN, JR., Judge.

Action by the Security Finance Company against J. H. Lamar and another, doing business as the Lamar Service Station. Judgment for plaintiff, and defendants appeal. Affirmed.

*Boone & Lowrey,* for appellants.

It is a well-established principle of law in this state that where fraud is shown in obtaining a note or notes, the burden of proof shifts to the holder of the notes and it is encumbered upon him to show that he is an innocent purchaser for value before he is entitled to recover; therefore, if the notes herein sued upon by the Security Finance Company were obtained by the Brenard Manufacturing Company by fraud or misrepresentation, the Security Finance Company must show itself to be a pur-

chaser for value and in good faith, and a valid defense against the Brenard Manufacturing Company would preclude recovery by the Security Finance Company, unless they were able to meet the burden imposed upon them.

The testimony offered on behalf of the defendants and excluded by the trial court was in our opinion, clearly admissible under the rule laid down in *Tufts* v. *Greenwald et al.*, 6 So. 156; *Shackleford* v. *Hooker*, 54 Miss. 716.; *Hattiesburg Plumbing Co.* v. *Carmichael & Co.*, 31 So. 536.

If the testimony of the defendants had been admitted and had conclusively shown fraud in the inception of the notes herein sued on, then, the obligation would have been imposed upon the Security Finance Company to prove that it came fairly into the possession of the notes under such circumstances as will entitle it to recover. We do not think that the depositions of Loveland and Welt meet this requirement and whether or not this proof is sufficient to establish their right, is not a matter for judicial determination, but must be submitted to the jury. 3 Ruling Case Law, page 1040; *Merchants' & Farmers' Bank* v. *Bank of Winona*, 64 So. 210; *Kennedy* v. *Jones*, 29 So. 918 and *Cover* v. *Meyers*, 32 A. S. R. 394.

*J. W. Mack*, for appellee.

The peremptory instruction for the plaintiff was correct. Plaintiff made out its case when it introduced in evidence its notes, and the burden was then upon the defendants to show some fact which would prevent the plaintiff from recovering.

Appellants must not only show that the Brenard Manufacturing Company, if suing would not be entitled to recover on account of fraudulent representations, but must also show that the plaintiff, who from all of the proof was a holder for value and in due course, acquired the paper with notice of its alleged infirmity.

The court below, after inspecting the contract and the bond furnished by the Brenard Manufacturing Company in pursuance of the contract, decided that the contract showed clearly what was to be furnished, that there was nothing about it to explain, and that the bond furnished was the bond contemplated by the contract and that it was incompetent to admit oral proof of alleged representations on the part of the salesman, to the effect that the term, "Your Bond" really meant something else. We think the court was entirely correct, that the testimony offered was incompetent and would have been incompetent if the Brenard Manufacturing Company had been the plaintiff in the case, and certainly was incompetent as against the plaintiff here.

In *Bettman-Dunlap Co.* v. *Gertz Brothers,* 99 So. 384, our court held that on a written order for goods it was error to admit proof of verbal promises made by the salesman at the time the order was taken. See, also, *Brenard Manufacturing Co.* v. *DeShazo,* 105 So. 766; *Brenard Manufacturing Company* v. *Baird,* 106 So. 82; *Brenard Manufacturing Co.* v. *Sumrall,* 104 So. 160; *J. B. Colt Co.* v. *Odom,* 101 So. 853; *J. B. Colt Co.* v. *McCuller,* 105 So. 744; *Shapleigh Hardware Co.* v. *Spiro,* 106 So. 209; *J. B. Colt Co.* v. *Hinton,* 109 So. 856; *Junius Hart Piano Company* v. *Stewart,* 111 So. 106.

In the cases cited above, it is held that where the contract provides, as in this case, that it is subject to the approval of the principal, and contains the clause that no statements or agreements have been made by the agent other than that contained in the instrument, oral testimony will not be admitted to show that said agent made any agreement or representation not contained in the contract.

Even if it should be conceded that the testimony of the defendants excluded by the court was competent and that as between the defendants and the Brenard Manufacturing Company, the defendants would have been en-

titled to prevail, still the Security Finance Company was a purchaser for value, before maturity, and we think without any notice or intimation of any equities between appellants and said Brenard Manufacturing Company and that appellee here is entitled to recover without regard to any controversy between appellants and said Brenard Manufacturing Company. Sections 56 and 59, Negotiable Instruments Act; *Despres, et al.* v. *Hough Drug Co.,* 86 So. 359; *Smith* v. *Ellis,* 107 So. 669; *Crane* v. *Guaranty Corporation,* 105 So. 485; *Tyler* v. *Bank,* 102 So. 325.

For Alabama case see 78 So. 73; 90 So. 899.

Argued orally by *M. P. Lowrey,* for appellant.

ANDERSON, J., delivered the opinion of the court.

Appellee brought this action in the circuit court of Quitman county against the appellants on five promissory notes, four of which were for one hundred dollars and the other for sixty-three dollars and forty cents. At the conclusion of the evidence, the court directed a verdict and judgment for appellee, from which judgment appellants prosecute this appeal.

The notes sued on were payable to the order of the Brenard Manufacturing Company and transferred to appellee. Appellants defended on the ground that the notes were procured from them by false and fraudulent representations on the part of the Brenard Manufacturing Company. To meet that defense, appellee contends that it purchased the notes from the payee, the Brenard Manufacturing Company, for value, before maturity, and without notice of any defense appellants had against the payee in the notes.

The evidence showed without conflict that appellee was engaged in the purchase of notes of this character, and that it had purchased a great many of such notes, a con-

siderable number of which it had purchased from the Brenard Manufacturing Company; that appellee had been forced to resort to the courts to enforce the payment of some of the notes it had purchased from the Brenard Manufacturing Company; that in some of these cases the defense was made that the notes had been procured from the maker by the Brenard Manufacturing Company through false and fraudulent representations made by the latter—in some of which suits appellee had been unsuccessful, while in others it had been successful. The evidence showed as to these particular notes that appellee purchased them without notice of their having been procured by the Brenard Manufacturing Company by false and fraudulent representations, if it be a fact that they were so procured. Appellants' position is that the fact that appellee had purchased from the Brenard Manufacturing Company other notes than those here involved, which appellee had to resort to the courts to enforce, and in which suits the makers had defended on the ground that the Brenard Manufacturing Company had procured the notes through false and fraudulent representation, was sufficient to put appellee on notice and inquiry as to the validity of these particular notes. Appellants contend that thereby it became a question for the jury as to whether the notes sued on in this case had been procured by false and fraudulent representation.

We disagree with that contention. These notes were negotiable under our Negotiable Instruments Act (Laws 1916, chapter 244). Appellants knew that to be the fact when they issued the notes. They knew that the notes would probably be put in the channels of trade and would be purchased from the payee as an investment. Appellants should have known that such paper is purchased in the channels of trade by persons and corporations relying alone on the face of the notes and the solvency of the makers. If appellants' position be sound, no person could purchase negotiable paper with safety

if he knew that at any time in the past the payee in such paper had procured other like paper through false and fraudulent representations.  Some of the agents of the Brenard Manufacturing Company may have procured notes of this character through false and fraudulent representation, while its other agents taking such notes were free from such fraud.

It follows from these views that the trial court committed no error in directing a verdict for appellee.

*Affirmed.*